UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,

    Plaintiff,

        v.

U.S. OFFICE OF SPECIAL COUNSEL,

    Defendant.

Civil Action No.  05cv176 (EGS)

### MEMORANDUM OPINION

This matter is before the Court on consideration of defendant's motion for summary judgment.  Upon consideration of defendant's motion, plaintiff's opposition, and the entire record of the case, the Court will grant summary judgment for defendant.

### I.  BACKGROUND

Plaintiff brings this action against the United States Office of Special Counsel ("OSC") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"),  and the Privacy Act, 5 U.S.C. § 552a, for the agency's alleged "improper procedure, negligence, and refusal to supply requested records and files."  Compl. at 1.  It stems from a prohibited personnel practice complaint that plaintiff filed with the OSC in April 2001.[1]  Defendant's Motion for Summary Judgment ("Def.'s Mot."), Statement of

---

[1] Plaintiff claimed that officials of the Department of the Treasury, Internal Revenue Service, retaliated against him by terminating him from his position

Material Facts Not in Dispute ("Def.'s Facts"), ¶ 1; *see* Compl., Ex. 2.  The OSC closed its investigation of this matter and so notified to plaintiff in a letter dated January 31, 2002.[2]  *Id*.  Plaintiff objected to this closure, describing it as improper and premature, and demanded an explanation.  Compl. at 1-2.

On September 1, 2004, plaintiff submitted a FOIA request to the OSC.  Compl., Ex. 1.  Specifically, the request stated:

> I am requesting the investigation file for [OSC File No. MA-01-1064].  This request is being pursued for civil action cases 04-0394, 04-0395, and 04-0396 in US District Court for the Northern Region of Georgia.
>
> I am also requesting the explanation as to why the OSC closed the file prematurely prior to my responds [sic] letter dated February 4, 2001.  The closure for the file was prepared and mailed prior to the time limit for any responds [sic] as directed in your instructions.

---

as a Data Transcriber for making protected disclosures to the Tax Commissioner.  *See* Compl., Ex. 4.  Plaintiff reported that other IRS employees misused government time, and that managers' failure to correct such behavior "evidences gross mismanagement, gross waste of funds, and an abuse of authority."  *Id*. at 2.  He also charged that IRS employees altered tax forms and selectively applied audit codes.  *Id*. at 3.

[2]   Although plaintiff's September 1, 2004 FOIA request is of core importance to this case, it is useful to review a summary of the correspondence between these parties.  After plaintiff filed his prohibited personnel practice complaint, the OSC sent him a letter dated January 14, 2002, serving as a preliminary determination to close the investigation.  Compl., Ex. 4.  Its response explained its decision, and informed plaintiff that he had 16 days to submit comments.  *Id*.  Plaintiff claimed that he did not receive this letter until the week of January 31, 2002, and that he mailed a late response on February 4, 2002.  *Id*., Ex. 3.  On January 31, 2002, OSC mailed plaintiff a notice of its closure of the investigation.  Def.'s Facts, ¶ 2.  Plaintiff believed this closure improper and premature, and demands an explanation of the closure as part of his case.  *Id*. at 1-2.

*Id.*

The OSC responded to plaintiff's request by letter dated December 3, 2004. Compl., Ex. 5. Citing Exemptions 2 and 5, the OSC denied plaintiff's request. *Id.*; *see* Def.'s Facts, ¶ 3 & Ex. 1. The OSC's response did not address plaintiff's request for an explanation for the closure of the investigation.

Plaintiff appealed the OSC's response on December 28, 2004. Def.'s Facts, Ex. 2. After a supplemental review of the investigative file at issue, on March 30, 2005, the OSC released a complete copy of all the documents in file MA-01-1064, including those purely internal administrative records for which Exemption 2 had been asserted.[3] *Id.*, Ex. 3; Def.'s Mot., Ex. ("Stackhouse Decl."), ¶¶ 5-7. The letter accompanying the documents noted that the FOIA does not require an agency to explain its actions. *Id.* It did, however, provide plaintiff with the name and telephone number of an agency attorney with whom plaintiff could discuss his questions. *Id.*

## II.   DISCUSSION

### A.  Standard of review

Summary judgment is granted where the evidence on record fails to present a "genuine issue as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) citing FED. R. CIV. P. at 56(c). Only disputes concerning facts affecting the

---

[3]   The agency apparently no longer relied on Exemption 5.

outcome of the case prevent such a ruling. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (citations omitted). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* The opposing party must prove that a genuine issue for trial exists. *Id.* This proof must come from presentation of "specific facts" as opposed to merely resting on one's prior assertions, allegations or denials in one's pleading. *Id.* at 248 (citing FED. R. CIV. P. 56(e)).

A movant succeeds in obtaining a summary judgment in FOIA disclosure suits where, "viewed in the light most favorable to the requester," the agency illustrates that its search is "reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dept. of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (citations omitted). The standard does not address the issue of whether further documents may be found but whether the agency's search for those documents was adequate. *Id.* (citing *Perry v. Block*, 684 F.2d 121, 128 (D.C. Cir. 1983)). Courts may rely on "relatively detailed," good faith affidavits submitted by the government in determining whether the agency met its burden for summary judgment.[4] *Perry v. Block*, 684 F.2d at 126. Upon disclosure of the non-exempt information, the agency fulfills its duty to the requester under FOIA even if the information is released to the

---

[4] In support of the summary judgment motion, defendant submits the declaration of Kathryn Stackhouse, an attorney in the OSC's Legal Counsel & Policy Division. Stackhouse Decl., ¶ 1. She is familiar with the OSC's procedures for responding to FOIA and Privacy Act requests, and has reviewed records relevant to plaintiff's request. *Id.*, ¶¶ 2-3.

requester "belatedly." *Id.* at 125; *Tijerna v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987).

### B. Defendant released all the relevant records in full.

"Under 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) improperly; (2) withheld; (3) agency records." *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980) (internal quotation marks omitted). "[O]nce all requested records are surrendered, federal courts have no further statutory function to perform." *Perry v. Block*, 684 F.2d at 125; *see Crooker v. United States Dep't of State*, 628 F.2d 9, 10 (D.C. Dir. 1980) (per curiam) ("Once the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made.").

Plaintiff requested specific records from OSC, and identified those records by file number. As its declarant demonstrates, the OSC responded by ultimately releasing in full all the documents contained in that file. *See* Stackhouse Decl., ¶¶ 4-7.

In his opposition to the defendant's motion, plaintiff acknowledges receipt of the records in question. Plaintiff's Response to Defendant's Motion for Summary Judgment ("Pl.'s Opp.") at 2-3. However, he contends that the records are incomplete because the OSC "left out the file/documentation supplying the reasons for closing the case prematurely." *Id.* at 3. Plaintiff's argument goes to his

perceived entitlement to an explanation from the OSC (discussed below).  He raises no argument that OSC either conducted an inadequate search for responsive records, or withheld the requested records or portions thereof improperly.

*C.  Defendant is not obligated to respond to plaintiff's questions.*

To the extent that plaintiff demands an answer to his questions regarding the closure of the OSC's investigation of his prohibited personnel practice complaint, his claim must fail.  "FOIA creates only a right of access to records, not a right to personal services."  *Hudgins v. Internal Revenue Service*, 620 F.Supp. 19, 21 (D.D.C., 1985).  Agencies are not required to provide answers to questions initiated by the requester.  *DiViaio v. Kelley*, 571 F.2d 538, 542-43 (10th Cir. 1978).  FOIA demands, absent a valid exemption, the disclosure of records to requesters; the production or creation of explanations to accompany these records is not the agency's responsibility.  *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 161-62 (1975).

### III.   CONCLUSION

The Court concludes that the OSC located and disclosed in full all records responsive to plaintiff's FOIA request.  Defendant demonstrates the agency's compliance with the FOIA, and its motion for summary judgment will be granted.  An Order consistent with this Memorandum Opinion will be issued separately on this same date.

Signed:     EMMET G. SULLIVAN
            United States District Judge